# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. CEA G. MAI, a/k/a | : |
| KELLY E.S. ALIAHMED, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. No. 21-523-LPS |
| | : |
| STAFF SGT. HUBBS, et al., | : |
| | : |
| Defendants. | : |

Cea G. Mai, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 28, 2022
Wilmington, Delaware

STARK, U.S. Circuit Judge:

## I. INTRODUCTION

Plaintiff Cea G. Mai, also known as Kelly E.S. Aliahmed ("Mai" or "Plaintiff"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

Plaintiff alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as violations of the ADA, RLUIPA, the Terrorist Act of 1996, and RICO. (D.I. 2 at 7) Plaintiff has filed numerous lawsuits seeking gender reassignment surgery and a transfer to Baylor Women's Correctional Institution in New Castle, Delaware.

The instant Complaint asks the Court to overturn all disciplinary write-ups and further seeks safe housing, release from imprisonment, and compensatory damages. (*Id.* at 10) Plaintiff also moves for "expedited processing and declaratory judgment." (D.I. 5)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

The Complaint is deficiently pled for several reasons. For example, while Plaintiff provides a list of dates of occurrences, the body of the Complaint does not indicate when any alleged wrongful acts were committed by a particular defendant, making a response difficult or possibly impossible. Plaintiff complains that she received false disciplinary reports, yet she also indicates that

3

she received disciplinary hearings. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). Plaintiff appears to make claims related to PREA, including that her PREA complaints were not investigated. PREA does not provide a private right of action and, therefore, Plaintiff may not assert a civil PREA claim. *See Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020). Plaintiff claims she was verbally assaulted. Verbal abuse or harassment is not actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009). In addition, she names several defendants who are located at Baylor Correctional Institution, yet there are no allegations directed towards those defendants. Finally, Plaintiff claims violations of the Americans with Disabilities Act, RLUIPA, RICO, and the Terrorist Act of 1996 without any supporting facts. *See Iqbal*, 556 U.S. at 678 (stating that complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Indeed, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 at 1949.

Because the claims in the Complaint do not meet the pleading requirements of *Iqbal* and *Twombly*, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Since it is possible that Plaintiff may be able to cure the pleading defects, she will be given leave to file an amended complaint.

Plaintiff's motion to expedite processing and for a declaratory judgment will be denied. (D.I. 5)

4

## V. CONCLUSION

For the above reasons, the Court will: (1) deny the motion for expedited proceeding and declaratory judgment (D.I. 5); and (2) dismiss the Complaint as frivolous and for failure to state claims upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.